# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2021-2793

_____

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, *et al.*,

    Appellants,

    v.

FLORIDA DEPARTMENT OF
REVENUE,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

January 17, 2024

TANENBAUM, J.

In this appeal, we must address the meaning of a phrase in Florida's corporate income tax ("CIT") code (chapter 220, Florida Statutes), "excluded from taxable income." A warning to the reader: This opinion contains discussion of some dense tax-code material. Equal doses of patience and attention will be required.

We begin with the Legislature's imposition of the CIT. It imposes tax on the "net income" of corporations that conduct business or reside in Florida. § 220.11, Fla. Stat. ("A tax measured by net income is hereby imposed on every taxpayer for each taxable

year . . . ."); *see* § 220.03(1)(z), Fla. Stat. (defining "taxpayer" in terms limited to a corporation).[1] "Net income" is based off the corporation's "adjusted federal income." § 220.12, Fla. Stat. The terminology used by the Legislature to direct the calculation of "adjusted federal income" is at the heart of this appeal. *See* § 220.13, Fla. Stat. ("'Adjusted federal income' defined.–").

Our appellants here—State Farm Mutual Automobile Insurance Company and several of its subsidiaries—received notice from the Department of Revenue as a result of an audit that it owed back corporate income taxes and accrued interest for tax years 2011, 2012, and 2013. The notice indicated a proposed assessment of $2,677,476.13—$2,099,226.00 in taxes, and $668,250.13 in interest. According to the department, State Farm did not correctly calculate its income subject to Florida's corporate income tax: It failed to include in its adjusted federal income the full amount of tax-exempt interest earned from state and local bonds, as required by section 220.13(1)(a)2., Florida Statutes. State Farm paid the assessed amount and interest under protest to avoid interest continuing to accrue. It then sued in circuit court to contest the legality of that assessment in full. *See* § 72.011(1)(a), Fla. Stat. (2018). (authorizing taxpayer suit in circuit court to "contest the legality of any assessment or denial of refund of tax, fee, surcharge, permit, interest or penalty").

Under section 220.13, an insurance company's "adjusted federal income" is its "insurance company taxable income" that is subject to tax under IRC § 831(a),[2] adjusted by adding and subtracting specified items. § 220.13(1), (2)(c), Fla. Stat. An addition in this space, of course, increases the insurance company's income subject to the state CIT compared to the income subject to federal CIT, which means its tax bill will be higher. One such addition is the "amount of interest which is *excluded from taxable*

---

[1] References to *Florida Statutes* are to the 2011 edition unless otherwise indicated.

[2] "IRC" refers to the Internal Revenue Code, found at title 26 of the United States Code.

*income* under s. 103(a) of the Internal Revenue Code or any other federal law." § 220.13(1)(a)2., Fla. Stat. (emphasis supplied).[3]

Subchapter L of the IRC (sections 801 *et seq.*), meanwhile, governs taxation of insurance companies.[4] Within subchapter L, IRC section 831 imposes tax on the taxable income of property and casualty ("P&C") insurance companies like State Farm (*i.e.*, insurance companies other than life insurance companies). For State Farm, then, its federal "taxable income" is its gross income less allowed deductions. One of the deductions allowed to an insurance company is the interest earned from the state and local bonds that the IRC makes tax exempt: "the amount of interest earned during the taxable year which under section 103 is *excluded* from gross income." IRC § 832(c)(7) (emphasis supplied).

Pertinent here, the IRC defines a P&C insurance company's gross income to include the gross amount earned from both "investment income" and "underwriting income." IRC § 832(b)(1)(A). Investment income for an insurance company includes "*interest, dividends, and rents.*" *Id.* (2) (emphasis supplied). Underwriting income is the insurance company's earned premiums minus "losses incurred and expenses incurred." *Id.* (3). The dispute between State Farm and the department centers on the scope of the application of this provision addressing "losses incurred" vis-à-vis section 220.13(1)(a)2., Florida Statutes. The department premised its assessment on reading the latter provision to require an add-back of *all* tax-exempt, state-and-local-bond interest income deductible under the former provision. In other words, the department reads "excluded" in section 220.13(1)(a)2. to mean amounts either expressly not included in gross income on the front end of a calculation of net or taxable income, or subtracted from gross income as an expressly identified deduction on the back end of that calculation.

State Farm takes a different approach. It notes that when it calculated its "losses incurred" under IRC section 832—an amount

---

[3] IRC § 103(a) provides that "gross income does not include interest on any State or local bond."

[4] *See* IRC § 11(c)(2).

that separately is expressly deductible and serves to reduce the amount of its underwriting income[5]—it had to reduce the amount of its losses "by an amount equal to 15 percent of the sum of [] tax-exempt interest," deductions for certain "dividends," and "the increase for the taxable year in policy cash values [] of life insurance policies and [specified] annuity and endowment contracts." IRC § 832(b)(5)(B). As State Farm views the applicable statutory provisions, because it had to subtract from its losses (thereby increasing its income) an amount equivalent to fifteen percent of the state-and-local, tax-exempt interest—among other amounts—it effectively paid federal tax on that amount, so even though that interest otherwise was fully deductible from its gross income, in application the interest was not fully "excluded" from its gross income. This is the theory it advanced in its suit in the circuit court. Both State Farm and the department filed summary judgment motions, each side asserting its respective legal position. The circuit court agreed with the department and rendered judgment in its favor and against State Farm. State Farm takes the same legal position on appeal and argues for reversal. We disagree with State Farm and affirm.

The circuit court's judgment was based purely on an interpretation of section 220.13(1)(a)2., which we review here de novo. In its analysis, the circuit court rejected State Farm's argument that "excluded from taxable income," as the phrase is used in subparagraph two, is broad enough to reference amounts added to or subtracted from *components* of gross income or of a deduction that *have the effect* of reducing the federal tax bill once all the calculations are complete. State Farm does not walk through a textual treatment of the applicable law; instead, it relies on an in-effect analysis. It goes to great lengths to demonstrate that all of its tax-exempt interest could *not* have been excluded because fifteen percent of the amount of that interest was applied to reduce the amount of its losses and increase its federal tax bill. This approach is inconsistent with the specific wording of subparagraph two.

---

[5] IRC § 832(b)(3), (b)(5), (c)(4).

4

Our analysis here is aided by a definitional rule provided by the Legislature: A term used in chapter 220 has "the same meaning as when used in a comparable context in the Internal Revenue Code and other statutes of the United States relating to federal income taxes." § 220.03(2)(b), (c), Fla. Stat. Section 220.13(1)(a)2. uses the verb "excluded," as modified by the prepositional phrase "from taxable income." We find the use of the "excluded from" verb-preposition combination "in a comparable context" in the IRC—section 61, which uses the term "excluded from gross income" to refer to excepting from the totaling of "all income from whatever source derived" in determining "gross income." IRC § 61(a); *id.* (b) (cross-referencing part III (sections 101 *et seq.*) of subchapter B ("Computation of Taxable Income") for "items specifically *excluded from gross income*" (emphasis supplied)). Part III then identifies a variety of items that "gross income does not include." *See, e.g.*, IRC §§ 101(a) (death benefits), 102 (gifts and inheritances), 103 (state and local bond interest). "Excluded from," as used in the context of this part of the IRC, must mean "omitted from the sum." When this term is applied to the sum of "gross income," it becomes a straightforward calculation: When adding up all a corporation's income from every source, do not include in the sum any item listed as being "excluded." The key here is that "excluded from" refers to omission of a specified item from the summing of a list of non-excluded items, and not to the effect some other calculation might have on that sum to reduce it.

This use of "excluded from" gets us most of the way home, but not quite. The object of the preposition "from" as it is used in section 220.13(1)(a)2. is "taxable income" rather than "gross income." In section 220.13, "taxable income" refers to "insurance company taxable income" when looking at "an insurance company subject to the tax imposed by s. 831(a) of the [IRC]," which State Farm is. The IRC provides that "insurance company taxable income" is gross income minus allowable deductions. IRC § 832(a). In this context, then, calculating "taxable income" involves subtracting specified items from the sum constituting gross income, which is similar to omitting items from those being summed to calculate gross income. In turn, the reference in section 220.13(1)(a)2. to "excluded from taxable income" must address items that are not included in (or omitted from) the sum of gross

income and those items specifically subtracted from that sum to determine "taxable income." It is not a reference to whether the treatment of a particular item in combination with other calculations has the effect of *increasing* the net sum from where it might be had the item not been treated in a specified way.

It is in IRC section 832(c) that we find listed, among several deductions, two that are relevant here. One deduction is "the amount of interest earned during the taxable year which under section 103 is excluded from gross income"—interest from state and local bonds. *Id.* (7). Under our application of "excluded from taxable income," this deduction counts. Even though the interest is not omitted from the sum of items that together constitute gross income (*i.e.*, the interest is included in that sum), it is removed by deduction from the sum that ends up being taxable income.

The other deduction is "losses incurred, as defined in subsection (b)(5) of this section." *Id.* (5). Applying the same "excluded from taxable income" logic here, "losses incurred" is a number calculated under subsection (b)(5) that then is removed from the sum that becomes taxable income. Under IRC section 832(b)(5), the deduction that is the "losses incurred" sum is reduced by a percentage of a sum that includes the otherwise exempt interest. *Id.* (B). The "losses incurred" deduction then becomes lower by operation of this subparagraph (B). *See* IRC § 832(b)(5)(B) ("Reduction of deduction"). That reduction, however, has no effect on the removal of the state-and-local-bond interest from the taxable interest total. In other words, the amount of state-and-local-bond interest serves as an addend in the formula for reducing the amount of the "losses incurred" deduction, but that service is not the equivalent of diminution in the amount of the separate omission by deduction of the interest amount from the taxable income total. The interest deduction stands on its own, and the total amount of that interest calculated as the deduction under IRC section 832(c)(7) *is the amount excluded* from taxable income for the purpose of section 220.13(1)(a)2., regardless of whether the same total amount of interest is used in some other calculation.

To be sure, the analysis would be different had the Legislature specified that the "excluded" amount to be added back to taxable income under section 220.13(1)(a)2. is reduced by "an amount

equal to" the "portion" of the interest included in the formula that serves either to "reduce" the losses-incurred deduction or to "reduce federal taxable income for the taxable year." Indeed, the Legislature has used these quoted terms in its description of other adjustments in section 220.13(1), meaning the Legislature knows how to use these terms for specificity where appropriate. *See id.* (1)(a)3., 4., 5., 7., 8., 10., (e)1.a., b., c.2., 3., 5.a. ("amount equal to"); *id.* (1)(a)4., 5., 7., 13. ("portion"); *id.* (1)(a)14. ("reduce federal taxable income for the taxable year"). It did not use any of these terms with regard to the state-and-local bond interest. Instead, it simply requires that the total amount (with some adjustments not relevant here) of state-and-local-bond interest excluded from the insurance company's taxable income—by express omission or deduction from gross income—is to be added back into that taxable income to calculate "adjusted federal income" subject to the State's CIT.

The department, then, lawfully assessed State Farm for the fifteen percent of the state-and-local-bond interest utilized in its "losses incurred" calculation that it subtracted from the add-back of "excluded" interest required under section 220.13(1)(a)2. The circuit court's reading of section 220.13(1)(a)2. in support of its judgment in favor of the department is consistent with the reading of that statute as we have explained here. We, in turn, find no legal error in the judgment on review.

AFFIRMED.

LEWIS and M.K. THOMAS, JJ., concur.[6]

---

[6] Judge Lewis substituted for Judge Jay, who was recommissioned as a judge of the District Court of Appeal, Fifth District. Judge Lewis has viewed the video recording of the oral argument held in this case.

7

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Kevin W. Cox and Tiffany Roddenberry of Holland & Knight, LLP, Tallahassee, for Appellants.

J. Clifton Cox, Special Counsel, Office of the Attorney General, Tallahassee, for Appellee.